## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
|  | Case No. 2:13-CV-03126-VEB |
| BILLIE JO ROSE LAIR, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In June of 2010, Plaintiff Billie Jo Rose Lair (f/k/a Billie Jo Rose Talbert) applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Thomas Andrew Bothwell, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On June 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. BACKGROUND

The procedural history may be summarized as follows:

On June 29, 2010, Plaintiff applied for DIB and SSI benefits, alleging disability beginning April 1, 2006. (T at 195-98, 199-200).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On June 28, 2012, a hearing was held before ALJ James W. Sherry. (T at 44).  Plaintiff appeared with her attorney and testified. (T at 50-73).  The ALJ also received testimony from Daniel McKinney, a vocational expert. (T at 73-81). During the hearing, Plaintiff amended her alleged onset date to March 1, 2009. (T at 14).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 12.

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

On July 27, 2012, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 11-34). The ALJ's decision became the Commissioner's final decision on October 9, 2013, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On November 19, 2013, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on February 3, 2014. (Docket No. 11).

Plaintiff filed a motion for summary judgment on May 19, 2014. (Docket No. 15). The Commissioner moved for summary judgment on July 7, 2014. (Docket No. 17). Plaintiff filed a reply brief on July 28, 2014. (Docket No. 18).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2009, the amended alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2011 (the "date last insured"). (T at 16). The ALJ determined that Plaintiff's major depressive disorder,

post-traumatic stress disorder, generalized anxiety disorder, personality disorder NOS, attention-deficit hyperactivity disorder, myelopathy, Raynaud's phenomenon, degenerative disc disease (cervical spine, status-post fusion), urinary retention and constipation, migraine headaches, and status-post two hernia repairs were "severe" impairments under the Act. (Tr. 16-17).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 17-20). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §§ 404.1567 (b) and 416.967 (b), except that she could only occasionally crawl, stoop, and climb ramps or stairs and never climb ladders, ropes or scaffolds. (T at 20). The ALJ found that Plaintiff would need to avoid concentrated exposure to temperature extremes, poorly ventilated areas, pulmonary irritants, unprotected heights, and moving machinery. (T at 20). The ALJ concluded that Plaintiff could perform simple, routine, and repetitive tasks with one to two-step instruction, could engage in occasional decision-making and tolerate occasional changes in the work setting, but should not be required to perform at a fast-paced production rate and was limited to occasional, superficial contact with the public and only superficial contact with co-workers and supervisors. (T at 20-25)

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

The ALJ found that Plaintiff could not perform her past relevant work as a nurse's aide or physical therapy technician. (T at 25-26).   However, considering Plaintiff's age (30 on the amended alleged onset date), education (marginal), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26-27).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Act, between March 1, 2009 (the amended alleged onset date) and July 27, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 27).   As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

## D.   Plaintiff's Arguments

Plaintiff contends that the Commissioner's decision should be reversed.   She offers three arguments in support of this position.   First, Plaintiff challenges the ALJ's credibility determination. Second, she argues that the ALJ did not adequately develop the evidentiary record. Third, Plaintiff asserts that the ALJ's step five analysis was flawed. This Court will examine each argument in turn.

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

# IV. ANALYSIS

## A.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She is 33 years old, married, with three teenage children. (T at 51). Stairs are a challenge because of lower back pain. (T at 52). She can read, write, and perform simple mathematics, but has not obtained a high school diploma or GED. (T at 52-53). She used to work as a nurse's aide, but cannot perform that work because it required lifting at least 25 pounds and at times as much as 100 pounds. (T at 56). In addition, shoulder, neck, and lower back pain would prevent Plaintiff from

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

performing such work. (T at 56). Her pain has continued even after cervical surgery in April of 2009. (T at 57). She can lift about 10 pounds, but experiences numbness when she carries objects. (T at 58). She has painful constipation symptoms, abdominal pain, and uses an external catheter to address bladder problems. (T at 59-62). She empties the catheter throughout the day. (T at 60-61). She needs to lie down several times during the course of the day due to pain symptoms. (T at 63-65). She wears a Fentanyl patch for pain. (T at 64). Plaintiff has had numerous tragedies throughout her life, including sexual abuse and the suicide of her ex-husband. (T at 68-70). She has had emotional problems that cause concentration problems and would make full-time work difficult. (T at 71).

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 21).

This Court finds that the ALJ's assessment was supported by substantial evidence with respect to the Plaintiff's allegations of physical limitations. However, the ALJ did not adequately develop the record with regard to Plaintiff's mental health impairments.

With respect to Plaintiff's physical limitations, the ALJ noted that no treating physician opined that Plaintiff was unable to perform the exertional demands of basic work activities. (T at 22).   In addition, the ALJ relied upon evidence of Plaintiff's activities of daily living in discounting her credibility.   In particular, the ALJ cited evidence that Plaintiff was able to engage in outdoor activities (e.g. riding an all-terrain vehicle), travel and attend to the needs of her children and mother. (T at 22-23).

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011); *see also Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a

work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

Here, the ALJ reasonably relied on evidence of Plaintiff's fairly vigorous activities of daily living (outdoor recreation, care for children and a parent) to discount her claims that she was unable to walk more than 100 feet and the suggestion that her pain and bladder/bowel problems prevented her from maintaining a regular schedule.

Moreover, the medical evidence, including the assessment of Dr. Howard Platter, a non-examining State Agency review consultant, supported the ALJ's conclusion that Plaintiff could perform light work with some postural and environmental limitations. (T at 1212). *See Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)("The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it.")(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Plaintiff offers alternative explanations of the medical evidence and argues that the ALJ should have weighed that evidence differently when assessing the credibility of Plaintiff's complaints of disabling physical impairments. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence.

*Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's decision to discount the credibility of Plaintiff's complaints of disabling physical limitations was supported by substantial evidence and should be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

However, for the reasons outlined below, the ALJ did not adequately develop the record concerning Plaintiff's mental health limitations.  As such, the credibility of Plaintiff's claims concerning those limitations must be revisited on remand after further development of the record.

**B.    Development of the Record**

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased for [a claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919. The ALJ's "duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The Commissioner's decision may be reversed and remanded where the court concludes that the ALJ should have ordered a consultative examination. *See Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001).

Here, there was sufficient ambiguity in the record concerning Plaintiff's mental health impairments to trigger the ALJ's duty to order a consultative psychiatric examination. In August of 2006, Dr. Roland Dougherty, an examining psychologist, diagnosed adjustment disorder with depression, PTSD (in partial remission), ADHD, and rule out both antisocial and schizoid personality traits along with methamphetamine dependence and alcohol abuse in remission. (T at 342).

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

Dr. Doughtery assigned a Global Assessment of Functioning ("GAF") score[2] of 60 (T at 342), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).

In May of 2007, Dr. Thinagara Jayakumer performed a psychiatric evaluation. Dr. Jayakumer diagnosed major depressive disorder (recurrent, moderate), PTSD, grief reaction (secondary to husband's suicide), generalized anxiety disorder, and personality disorder. (T at 589). Dr. Jayakumer assigned a GAF score of 45, which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).

Dr. Jayakumer saw Plaintiff again in June of 2007 and assigned a GAF of 45. (T at 539). Dr. Jayakumer described Plaintiff as demonstrating "severe discomfort and anxiety." (T at 539). Her judgment and insight appeared to be "clouded" by chronic pain and "possibly" by depression and anxiety. (T at 539).

Mental health treatment notes from 2008 documented consistent complaints of depression and anxiety. (T at 490-91, 493-97, 502-504, 510-11, 513-16, 517-19,

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

523). In August of 2008, Lisa Vickers, a treating nurse practitioner, assigned a GAF score of 58 (T at 497), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).

Mental health treatment notes from 2009 and 2010 likewise document continued complaints and mental health symptoms (e.g. depression, anxiety, and mood swings). (T at 738, 746, 752, 762, 767-68, 776, 784-85, 791, 798, 804, 810, 816, 818, 822, 823, 826, 828-29, 831-32). In January of 2009, Ms. Vickers assigned a GAF score of 45 (T at 829). In September and October of 2009, Ms. Vickers assessed a GAF score of 50. (T at 791, 797). These scores are indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). In June of 2010, Ms. Vickers assigned a GAF score of 40. (T at 752). "A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." *Tagin v. Astrue*, No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted).

The ALJ largely discounted Plaintiff's mental health complaints and incorporated relatively modest limitations into the RFC determination. In this regard, the ALJ relied principally on the assessment of Dr. Rita Flanagan, a non-examining State Agency review consultant, who opined in January of 2010 that Plaintiff was capable of performing simple, routine tasks; could follow 1 and 2 step instructions; would do best in jobs that involve limited contact with the general public and only superficial contact with supervisors and co-workers; and could adapt, learn, and travel in the community. (T at 25, 651).

However, the record concerning Plaintiff's mental health symptoms, which suggested a long-standing series of problems that frequently caused serious impairment, should have been further developed. In particular, the ALJ was obliged to order a consultative psychological evaluation. In addition, it would have been prudent for the ALJ to ask Ms. Vickers (the treating mental health provider with the longest relationship with Plaintiff) to provide an assessment of Plaintiff's ability to perform the mental demands of basic work activity.

Accordingly, a remand is required for further development of the record concerning Plaintiff's mental health impairments.

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

## C.    Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The ALJ concluded that there were jobs in the national economy that Plaintiff could perform. (T at 26).   However, this conclusion was based on the ALJ's assessment of Plaintiff's credibility and determination concerning Plaintiff's RFC. That assessment and determination need to be revisited on remand for the reasons outlined above, *i.e.* because of the ALJ's failure to adequately develop the record concerning Plaintiff's mental health limitations.

## D.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  Here, there are outstanding issues that need to be resolved, particularly with respect to Plaintiff's mental health impairments. However, it is also not clear from the record for this Court that Plaintiff is disabled. Dr. Flanagan, a non-examining review consultant, opined that Plaintiff could perform simple, routine tasks and could perform jobs that required only limited contact with the general public. (T at 25). Although the record documents mental health symptoms, including GAF scores indication of serious impairment, it is difficult to determine the extent of Plaintiff's limitations without a consultative examination.  Accordingly, this Court finds that a remand for further proceedings is the appropriate remedy.


## V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 15**, is **GRANTED.**

The Commissioner's motion for summary judgment, **Docket No. 17**, is **DENIED**.

This case is **REMANDED** to the Commissioner for further proceedings consistent with this Decision and Order.

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Plaintiff, and CLOSE this case.

DATED this 6th day of October, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – LAIR v COLVIN 13-CV-03126-VEB